No. 35,297

In re Estate of Frank Dumback, Deceased (DR. WILLIAM F. SPLICHAL, *Appellant,* v. DAISIE DUMBACK et al., *Appellees*).

(119 P. 2d 476)

Opinion filed December 6, 1941.

*Frank G. Spurney,* of Belleville, for the appellant.

*W. D. Vance, Fred Emery* and *Perry Owsley,* all of Belleville, for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal, as presented in the appellant's brief, is whether a creditor of a deceased debtor made a timely application in the probate court for the appointment of an administrator in order that he might establish his claim against the decedent's estate. The question arose out of the following circumstances.

Frank Dumback, a resident of Republic county, died intestate on February 8, 1940. No proceedings for administration of his estate were instituted until February 1, 1941, when William F. Splichal filed his petition in the probate court alleging that Dumback at the time of his death on February 8, 1940, was indebted to petitioner in the sum of $116, being the balance of an account; that Dumback was possessed of real and personal property subject to the satisfaction of his debts; that Dumback was survived by his widow, Daisy, and some children whose names, ages and residences were unknown to petitioner; that he had asked the widow to pay his claim and she had refused, and petitioner asked that the estate of Frank Dumback be administered and that an administrator be appointed, "all to the end that said petitioner may properly prove his indebtedness against said estate"; and that upon the petition being filed, it be set down for hearing and that he be ordered to give notice to the widow, the heirs at law and all persons interested, of the filing of the petition and the hearing thereon.

On the filing of the petition the probate court made an order setting the hearing for February 28, 1941, and that petitioner give notice thereof. On February 6, 1941, the notice was first published in a newspaper in Republic county, and later proof of publication was filed.

On the day set for hearing the widow and children, constituting the heirs at law of the decedent, entered their special appearance and moved to quash the notice of hearing for the reason the petition showed on its face that more than one year had elapsed since the death of the decedent and no administrator had been appointed

within the one-year period; that the petition showed that petitioner's claim was barred and no recovery could be had against decedent's estate; that the petition showed no reason or basis for administration other than the alleged barred claim of the petitioner.

Upon the hearing the probate court sustained the motion to quash and denied and dismissed the petition. Petitioner appealed to the district court, which treated the motion to quash as a demurrer, which it sustained, and the petitioner declining to amend, the petition was denied and dismissed. Thereupon the petitioner perfected an appeal to this court.

In a preliminary way it may be remarked that no contention is made as to the manner and method of pleading pursued by appellees or that they should have waited until after an administrator had been appointed and qualified, and upon presentation of the claim for allowance, should then and not until then have interposed their objection that the claim or demand was presented too late. Rather the question is whether under the statute hereafter quoted an administrator must have been appointed within one year after the death of the decedent, or if it is sufficient that proceedings looking to appointment of an administrator had been commenced within the one-year period. As all statutes referred to are a part of the probate code (G. S. 1939 Supp. ch. 59), we shall mention only the chapter and section numbers.

In the case before us it appears that a petition for administration (59-2219) was filed by a person interested in the estate (59-2221) and that the probate court fixed the time for hearing (59-2222) and ordered notice given, as notice had not been waived by all interested parties (59-2223). The notice had to be published once a week for three consecutive weeks (59-2209). The death of the decedent occurred February 8, 1940, and the petition for administration was not filed until February 1, 1941, and it is therefore apparent that no hearing could have been held and an appointment of an administrator made (59-2232) within one year from the date of decedent's death.

With respect to the allowance of demands, it is provided that any person may exhibit his demand against the estate of a decedent by filing his petition in the probate court (59-2237). This presupposes that the estate is under process of administration, as a reference to that section will show. Assuming the petition filed in the instant proceeding was sufficient both as asking for the appointment of an

administrator and for an allowance of the creditor's demand, we notice the provisions of 59-2239, which provide first that any demand not exhibited within nine months after the date of the first published notice to creditors shall be forever barred from payment, a provision not here applicable, and the further provision:

"No creditor shall have any claim against or lien upon the property of a decedent . . . unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed."

Under the factual situation here existing, it is clear that under the petition filed no administrator of Frank Dumback's estate could be appointed within one year after the date of his death. Appellant argues that unless all the heirs of Dumback had waived notice, the earliest time one of them could have procured the appointment of an administrator would have been not sooner than March 1, 1940, and therefore that appellant had a full year thereafter or until March 1, 1941, in which to complete the proceeding initiated by him and which was set for hearing on February 28, 1941, citing in support Brown v. Baxter, 77 Kan. 97, syl. ¶ 3, 94 Pac. 155, 574. We cannot agree the above case supports his contention. That case arose under former statutes where the right to seek administration was exclusive to the widow or next of kin for a period of thirty days. (See G. S. 1868, ch. 37, § 12; R. S. 1923, 22-312; G. S. 1935, 22-312.) Under the present code there is no waiting period (G. S. 1939 Supp. 59-705) and the analogy sought cannot be applied. Further, it is directly at variance with the statute quoted above.

It thus appears that even though an administrator had been appointed, the appointment could not have been legally made within one year after the death of the decedent, and appellant could not have lawfully established his demand. There was no other ground stated for the appointment of an administrator, and unless the petitioner had a valid ground on which to ask the appointment, he had no standing in the probate court.

It must therefore be held the trial court did not err in its ruling, and its judgment is affirmed.