No. 40,333

In the Matter of the Estate of Roland Jordon, Deceased.

(306 P. 2d 135)

Opinion filed January 12, 1957.

*Sam A. Crow,* of Topeka, argued the cause and *Edward Rooney, Jacob A. Dickinson, David Prager* and *William W. Dimmitt, Jr.,* all of Topeka, were with him on the briefs for the appellant.

*Donald Patterson,* of Topeka, argued the cause and *Irwin Snattinger* and *David H. Fisher,* both of Topeka, were with him on the briefs for the appellee.

The following opinion was prepared by SMITH, C. J., and approved by the court prior to his retirement from the court, and is now ordered filed as the opinion of the court.

This was a petition for the appointment of an administrator and for the allowance of a claim against an estate. Judgment was for the administrator, sustaining his demurrer to the claim. Petitioner has appealed.

The sole question is whether the petition for the appointment of an administrator was filed in time, under the terms of G. S. 1949, 59-2239.

The petition alleged that petitioner was a creditor of the decedent and had an interest in the estate; that decedent died on May 10, 1953, leaving his mother and father as heirs and an estate of unknown value; that appointment of an administrator was necessary; and prayed for the appointment of one Harry Snyder.

On January 19, 1954, the probate court ordered a hearing on the appointment for February 11, 1954. Thereafter the father filed an answer stating decedent left no estate and there would be no assets in the estate to pay the cost of the administrator; and that if an administrator should be appointed the father was the proper party. On July 16, 1954, one Snyder was appointed administrator. On April 14, 1955, the petitioner filed a petition for the allowance of a claim in the probate court. It was afterwards certified to the district court. The petition alleged petitioner had a demand against the estate; that decedent died on May 10, 1953; that the petition for the appointment of an administrator was filed by petitioner's creditor on January 18, 1954; that on January 19, 1954, the probate court ordered the petition to be heard on February 11, 1954; that on February 2, 1954, an answer to the petition was filed by decedent's father stating there were no assets in the estate to pay the costs of the administration; that at all times Ralph Noah represented the petitioner and Eldon Sloan represented decedent's father; that the petition was not heard on February 11, 1954, because the answer required the presence of Noah and he was engaged in a criminal trial on that date; that on four occasions Noah came to Topeka to take up, among other things, this appointment, but something or other prevented it; that after some correspondence the probate judge on July 16, 1954, appointed Snyder administrator; and that Noah used diligence to have the matter set down for hearing within the statutory time. The petition then alleged the circumstances of decedent's death, which petitioner claimed made the estate liable to him. The Home Insurance Company filed a like claim. It will not be set out here since the legal question is the same for both.

The administrator demurred to both claims on the ground they did not state facts sufficient to constitute a cause of action. These demurrers were sustained because the trial court held it was the duty of the claimants to have an administrator appointed in the estate within one year of the death of the decedent before they could present a claim against the estate and the matters alleged in the third amended petition did not excuse the petitioners and the only reason an administrator was not appointed was the lack of diligence on the part of counsel.

The journal entry stated the petitioner failed to have an administrator appointed within one year of the date of the death of

decedent, as required by G. S. 1949, 59-2239, and. the demurrer should be sustained.

The specification of error was that the trial court erred in sustaining the demurrers.

Decedent died on May 10, 1953. The administrator was appointed on July 16, 1954. The statute involved, G. S. 1949, 59-2239, is as follows:

". . . No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed. . . ."

The petitioner argues that his efforts, as stated in the petition, show he used such diligence to secure the appointment of an administrator as to toll the statute. We cannot agree. No reason appears at all as to why counsel could not have had the matter of the appointment heard on February 11, 1954, had counsel seen fit to be there or have some attorney there. No reasons appear why counsel could not have secured a hearing on one of the other occasions of counsel's being in Topeka had counsel insisted thereon. Counsel relies on what we held in *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305. He quoted from the above case, where we said:

"The running of the statute is tolled only as to the diligent creditor who seeks the appointment of an administrator and fails to procure his appointment within the year through no fault of his own."

That opinion is not controlling here. There a tort creditor filed a claim and petition for the apointment of an administrator at a time when an administrator could have been appointed in the course of procedure, provided in the probate code, within one year of the death of decedent. There were some legal proceedings which prevented the application for appointment of an administrator being heard at once. In fact, the administrator was appointed just one day before the year expired. The question of the statute of limitations was raised because the claim was not filed until a year had passed. The syllabus states the rule. There we held:

"The rule in this jurisdiction is that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues." (Syl. ¶ 7.)

In the instant case there was no question of legal proceeding. The

administrator was not appointed in time simply because counsel did not zealously press the matter as it was his duty to do. The appointment of an administrator was too late.

The petitioner next argues he should not be barred because the father of decedent interfered with the appointment by his answer to petitioner's first petition. This argument is not good. The father had a right to file an answer. Furthermore, it does not appear that the filing of it unduly hindered counsel.

Petitioner next argues since neither the administrator nor the heirs would be prejudiced by the allowance of the petition they had no standing to assert the provisions of the nonclaim statute. The answer to this is the administrator had the duty to protect the estate. See *In re Estate of Hill,* 162 Kan. 385, 176 P. 2d 515.

The judgment of the trial court is affirmed.