No. 44,627

In the Matter of the Estate of Franklin L. Wood, Deceased, THOMAS A. VALENTINE, *Appellant*, v. TOM CUNNINGHAM, Administrator of the Estate of Franklin L. Wood, *Appellee.*

(424 P. 2d 528)

Opinion filed March 4, 1967.

*Jack N. Turner,* of Wichita, argued the cause and was on the brief for the appellant.

*Robert J. O'Connor,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, William P. Thompson, H. E. Jones, Jerome E. Jones, Robert J. Roth,* and *William R. Smith,* also of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order of the district court dismissing a petition for allowance of a demand against the estate of Franklin L. Wood, deceased, and arises out of the following facts.

Plaintiff Thomas A. Valentine was injured in an auto accident. He was nineteen years of age when the accident occurred.

Franklin L. Wood was driving the other car involved in this accident. Wood died and proceedings were filed in the probate

court to administer his estate. Tom Cunningham was appointed administrator for the estate.

The plaintiff filed a petition for allowance of demand in the probate court. This demand was based upon a tort claim for injuries received by plaintiff in the automobile accident. Plaintiff was born on December 8, 1942 and celebrated his twenty-first birthday on December 8, 1963.

The petition was properly certified to the district court. The administrator then filed a motion to dismiss the petition on the ground the claim was barred by the statute of limitations K. S. A. 60-513 as extended by 60-515. The motion to dismiss was sustained by the district court and the petitioner perfected his appeal therefrom.

The following chronology of events is important to understand the one question involved in the appeal:

January 13, 1962, the car accident occurred;
December 8, 1963, the plaintiff became 21 years old;
January 27, 1964, Franklin L. Wood died;
May 16, 1964, the administrator published first notice to creditors;
December 8, 1964, one year expired after plaintiff reached majority;
December 14, 1964, plaintiff filed his claim;
February 16, 1965, was the final day for filing claims.

The action for damages arising from this accident would be barred on January 13, 1964. [K. S. A. 60-513 (4)] However, plaintiff was a minor at the time of the accident and he would be entitled to bring the action any time before December 8, 1964. [K. S. A. 60-515 (a)] The prospective defendant died on January 27, 1964, and an administrator was appointed who published first notice to creditors on May 16, 1964. Plaintiff filed his claim in the probate court within the time specified by the nonclaim statute K. S. A. 59-2239 but it was filed six days after the time prescribed by K. S. A. 60-513 (4) as extended by K. S. A. 60-515 (a).

Therefore we have the question presented squarely for the first time of whether the nonclaim statute K. S. A. 59-2239 has the effect of enlarging the time in which a claim may be filed against a decedent's estate when the bar of the statute of limitation provided by K. S. A. 60-501, et seq. falls after the death of the tort-feasor but before the claim is filed against the estate of the decedent.

The following statutes are of primary concern to understand the question.

K. S. A. 60-501: "The provisions of this article govern the limitation of time for commencing civil actions, except where a different limitation is specifically provided by statute."

K. S. A. 60-513: "The following actions shall be brought within two (2) years: . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated. . . ."

K. S. A. 60-515 (a): "If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued, or at any time during the period the statute of limitations is running, be within the age of twenty-one (21) years, or insane, or imprisoned for a term less than his natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be maintained by or on behalf of any person under the disabilities specified after twenty-two (22) years from the time the cause of action shall have accrued."

The above statutes will be referred to as general statutes of limitation and the following as the nonclaim statute.

K. S. A. 59-2239: "All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment: *Provided*, That the provisions of the testator's will requiring the payment of a demand exhibited later shall control. No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed."

The authorities are not in accord on the question of whether nonclaim statutes may be given effect to enlarge the period prescribed by general statutes of limitation, when a cause of action has accrued during the decedent's lifetime but death occurs before expiration of the limitation period. (See 21 Am. Jur., Executors and Administrators § 925; 34 C. J. S. Executors and Administrators § 732 c.)

This court has held the time for bringing actions as limited by K. S. A. 60-501, *et seq.*, may be reduced or limited by the provisions of K. S. A. 59-2239. In *Gebers v. Marquart*, 166 Kan. 604, 609, 203 P. 2d 125, this court said:

". . . If claims or demands against the estate of a resident decedent dying intestate are to be proved and enforced in this state administration of

such decedent's estate is necessary and required. Indeed we have expressly so held. On pages 394 and 395 of the opinion in *Gantz v. Bondurant,* 159 Kan. 389, 155 P. 2d 450, the following statement appears:

" 'It is true that in the instant case appellee took no steps to have her husband's (Chester's) estate administered. That fact, however, did not relieve the father or any other person having a claim upon the property of Chester's estate from having an administrator appointed within one year after Chester's death in order that he might assert the same in the manner and within the time prescribed. (G. S. 1943 Supp. 59-2239; *In re Estate of Dumback,* 154 Kan. 501, 119 P. 2d 476.)' (p. 394.)"

In the final paragraph of *Gebers v. Marquart,* supra, the court said:

"Finally appellant urges that under our code of civil procedure (G. S. 1935, 60-306) a suit to set aside a conveyance may be brought within two years. This argument, so far as she is concerned, entirely overlooks the fact she is asserting a claim against the estate of a deceased person in probate court which, under our decisions (*Burns v. Drake,* supra, *In re Estate of Bourke,* 159 Kan. 553, 156 P. 2d 501) must be exhibited within the nine months' period specified in G. S. 1947 Supp. 59-2239, in order to avoid being forever barred, also G. S. 1935, 60-303, providing that where, in special cases, a different limitation is prescribed by statute the action is governed by such limitation."

Article 5 of the code of civil procedure dealing with limitations of actions contains twenty-one separate sections relating to various types of claims and special groups of individuals such as those under legal disability. The first section of the article, K. S. A. 60-501, provides that the article shall govern the limitation of time for commencing civil actions, *except where a different limitation is specifically provided by statute.* This leads us to the question of whether the nonclaim statute, K. S. A. 59-2239, is a statute of limitations as contemplated in the above exception. We believe it is. The court in *In re Estate of Kruse,* 170 Kan. 429, 434, 226 P. 2d 835 said:

"Down through the years there have been a number of provisions in our law relative to the filing of claims against estates of deceased persons. Each has fixed a time limitation for filing. The legislative trend has been to shorten the time within which claims may be filed, with the obvious purpose of providing for more expeditious closing of estates to the end that the interests and rights of all parties concerned be definitely determined. We think that section 2239, *supra,* while designated as a 'Nonclaim statute,' is also clearly a statute of limitations." [Citing cases.]

Under the decisions of our court the probate court has exclusive original jurisdiction of a petition for damage in tort against a decedent's estate arising out of an auto accident. (*In re Estate of Meyer,* 191 Kan. 408, 381 P. 2d 546.)

*In Gebers v. Marquart,* supra, this court said at page 608 of the opinion:

"Whatever else may be charged against our decisions dealing with juris-dictional questions arising under the new probate code (G. S. 1947 Supp. ch. 59, art. 22) it must be conceded they have universally held and the 'rule is now established that by reason of its terms any claim or demand against a decedent's estate or any portion of it, whether denominated abso-lute or contingent, legal or equitable, must be filed in the probate court as the court possessing exclusive original jurisdiction over all such claims except when provision is made in such code for filing it elsewhere." [Citing cases.]

When a claim is barred under any general statute of limitation before the death of a person we have held that such claim cannot be recovered from his estate. (See *Hammond v. Estate of Hammond,* 150 Kan. 113, 91 P. 2d 19; *Riley v. Fallon,* 179 Kan. 224, 294 P. 2d 253; *In re Estate of Forster,* 178 Kan. 120, 283 P. 2d 491.)

In *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305, our court compared the institution of proceedings leading up to filing a claim against an estate of a decedent to filing an action in the district court under the code of civil procedure, at page 385 of the opinion the court said:

"Since the enactment of the Kansas probate code we have not been required to pass upon the appellate issue thus raised. That is nothing new or startling. Neither does it make its decision particularly difficult if it be kept in mind that one of the purposes responsible for the new legislation was to provide for uniform and orderly procedure in cases not within the purview of the code of civil procedure and remembered that its provisions, like those of the civil code, are to be practically construed in the light of well recognized and fundamental rules of judicial construction. When so construed it must, of course, be conceded at the outset that under its terms the institution of proceedings leading up to and required to permit the filing of claims against the estate of a decedent are tantamount to the commencement of an action in the probate court. In *Hurst v. Hammel,* 153 Kan. 827, 829, 113 P. 2d 1045, we expressly stated that its so-called nonclaim provision (59-2239) is clearly a statute of limitations * * * ."

"We discern no sound reason for giving statutes of limitation in the probate code any greater or less effect than is given to limitation statutes to be found in the code of civil procedure (ch. 60, art. 3, G. S. 1935) and we hold there is none."

In *Rochester American Ins. Co. v. Cassell Truck Lines,* 195 Kan. 51, 55, 402 P. 2d 782, this court said:

"Statutes of limitation are usually considered to be remedial rather than substantive, in that the remedy only and not the right or obligation is barred. (*In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824; *Murray v. Modoc State*

*Bank,* 181 Kan. 642, 313 P. 2d 304; and 34 Am. Jur., Limitation of Actions § 400, p. 314). For example, the fact that a statute bars recovery against a debtor does not extinguish the debt, but simply leaves it unpaid without any legal remedy on the part of the creditor to enforce its payment by suit. (*Bomud Co. v. Yockey Oil Co.,* 180 Kan. 109, 299 P. 2d 72, 58 A. L. R. 2d 1265; and *Murray v. Modoc State Bank,* supra.) That statutes of limitation are considered remedial rather than substantive is of particular significance in the area of cross demands, in that if the right itself was barred, it could never be asserted as a defense in the form of a counterclaim or cross-claim."

In the light of the foregoing decisions it would appear that petitioner's tort claim was an existing right but undetermined at the death of the tort-feasor and the remedy prior to date of death was by civil action in the district court. When death intervened the remedy which petitioner had in the district court was cut off and the probate court then held exclusive original jurisdiction. If general statutes of limitation are not interrupted at date of death certain undesirable results will flow from circumstances which always exist during the period which follows death. Our probate code permits any interested person to file a petition for administration immediately after death. (K. S. A. 59-2221.) A creditor can file a petition and upon proper showing obtain the appointment of a special administrator pending appointment of an executor or administrator. (K. S. A. 59-710.) This may be accomplished a few days after death if sufficient necessity exists. However, the surviving spouse and next of kin are given preference in the administration of an estate. (K. S. A. 59-705.) If a creditor of the estate is required to initiate such proceedings because his claim is about to be barred he will have to usurp what is generally considered to be the personal prerogative of the family and do so at a time when the family is upset by the death of a loved one. Such a requirement will help neither the creditor nor the decedent's family.

Under the law as it existed in prior statutes thirty days had to elapse before a creditor could file or initiate the proceedings to obtain administration. The court in *Robertson v. Tarry,* 83 Kan. 716, 112 Pac. 603, held that the five year statute of limitations was tolled for a reasonable time of fifty days after death to allow a creditor time to apply for appointment and cite parties into court for a hearing. In *Timmonds v. Messner,* 109 Kan. 518, 200 Pac. 270, the court said a creditor could not extend the period of limitation by delay in taking appropriate action to secure the appointment of an administrator beyond a reasonable time. Although the statutory

reason for tolling the statutes of limitation in *Robertson* and in *Timmonds* no longer exists, the practical reason for the same would continue.

Many states such as Texas have special statutes which provide that the limitation provided in the civil code ceases to run for a period of 12 months after death unless an administrator is qualified during said period, so the maximum period of limitation is extended one additional year in case the debtor dies. We find no such provision in K. S. A. 60-501, *et seq.*

If our statutes of general limitation continue to run after date of death so as to bar a claim not yet filed against a decedent's estate we will be called upon to determine in each case the period of time, if any, the statute is tolled because of the claimant's inability to present the claim. The district court will be closed to him. Some time will necessarily elapse after the death and before he can prepare his claim for presentation in the probate court. Such an uncertainty in our law would not be desirable.

The legislature in Kansas has prescribed what should be contained in the notice to creditors. K. S. A. 59-2236 provides:

"The notice of appointment to be published by an executor or administrator shall be to the creditors, heirs, devisees, legatees, and all others concerned. It shall state the date of appointment and qualification, and shall notify the creditors to exhibit their demands against the estate within nine months from the date of the first published notice as provided by law, and that if their demands are not thus exhibited they shall be forever barred."

The right of a tort claimant is a demand which must be filed against the decedent's estate. The notice to creditors prescribed by statute advises the creditors and all others concerned to exhibit their demands within nine months from the date of the first published notice or they will be forever barred. To hold that a demand against a decedent must be filed in less than nine months in certain cases will make the creditors notice misleading and will add confusion to our probate law.

The statute relating to claims has undergone marked change since the advent of the probate code in 1939. Prior to that date the statute G. S. 1935, 22-702 read:

"All demands against the estate of persons deceased not exhibited as set forth in Laws 1925, chapter 161, section 1 [22-701], within one year shall be forever barred, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability of decedent as surety, guarantor or indemnitor; saving to infants, persons of

unsound mind, imprisoned or absent from the United States, one year after the removal of their disabilities."

In the probate code (K. S. A. 59-2239) it was changed and the saving clause as to infants and others was deleted. A bar has been applied since that time to all demands or claims against a decedent which are not presented in the estate. No creditor shall have any claim against the property of the decedent unless an executor or administrator of his estate has been appointed within one year after the death of the decedent. If the appointment is obtained within the year the statute requires a claimant to file his claim within nine months after the date of the first published notice to creditors. When either of these requirements are not met a claim is forever laid to rest. (See *Hoppas v. Bowman*, 167 Kan. 761, 207 P. 2d 950, and case annotations K. S. A. 59-2239.)

We have held that the time for bringing actions as limited by K. S. A. 60-501, *et seq.*, may be reduced or limited by the provisions of K. S. A. 59-2239. It is consistent to further hold that K. S. A. 59-2239 becomes the controlling statute of limitations to be applied to all claims which exist at the date of death of a decedent. This may have the effect of enlarging the time in which a claim could have been filed under K. S. A. 60-501, *et seq.*, but only in those cases when the claim is based upon a valid and subsisting right unbarred by the statute when death occurs. However, if a claimant has an existing claim at the date of the decedent's death, he must exhibit such claim within nine months from the date of the first published notice to creditors. If no administrator or executor is appointed within one year after the death of the decedent his claim will be barred at the end of the year.

Appellant's claim was a valid and subsisting right at the date of decedent's death. An administrator was appointed within one year after death. The claim was filed in the estate within nine months after the administrator first gave notice to creditors. The appellant's claim was not barred by the applicable statute of limitations which is K. S. A. 59-2239.

The order of the lower court dismissing the amended petition for the allowance of the demand is reversed.