No. 48,160

MARY SPRAGUE, Administrator, *Appellant*, v. MARVIN COPENBARGER, Executor, *Appellee*.

(564 P.2d 486)

Opinion filed May 14, 1977.

*Ross E. Borders,* of Independence, was on the brief for the appellant.

*Morris D. Hildreth,* of Coffeyville, was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from an order of the district court summarily denying the claim of Mary Sprague, as administrator of the estate of Homer D. Fox, against the estate of Bryan J. Gallatin.

In 1967 Gallatin and Fox were owners of equal interests in oil and gas leases. Fox operated the leases and paid the bills. He in turn billed Gallatin for his share of the expenses. Each party collected his own share of the production proceeds. This arrangement continued until Gallatin died on March 27, 1970.

At the time of his death, Gallatin was a resident of the State of Nebraska. Although administration was commenced in Nebraska soon after his death, ancillary proceedings did not begin in Kansas until October 12, 1971. On that date Marvin Copenbarger, appellee herein, was appointed executor.

During the course of administration, Copenbarger, as executor, and Fox sold their interests in the oil and gas leases. At the time of the sale they warranted that there were no outstanding bills against the leases. Fox then wrote the bank, which was acting as escrow agent, asserting an operator's or partner's lien in the amount of $6,741.19 against the proceeds of the sale of the oil and gas leases. Fox then filed a claim for the same amount against the Gallatin estate in probate court and claimed a lien against the proceeds of the sale of the leases. The claim was transferred to

district court where Copenbarger asserted it was barred by the nonclaim statute (K.S.A. 59-2239 [Corrick], now K.S.A. 59-2239). Thereafter, Fox died and Mary Sprague, appellant herein, was substituted as administrator of the Fox estate. After certain facts were stipulated, Copenbarger filed a motion for summary judgment. It was sustained by the district court on the ground that the claim asserted was barred by the nonclaim statute. It is from this ruling the appeal is taken.

Sprague argues the claim is not barred by 59-2239 because it is protected by a nonstatutory lien existing at the time of Gallatin's death, and falls within the exception to 59-2239 which protects liens in existence at the time of death. To support this argument Sprague cites 4 Summers on Oil & Gas, Sec. 728, p. 304, which states that partners operating an oil and gas lease have a right to have the proceeds of the partnership property applied to partnership debts and to advances made by a partner to the partnership operation. This right is called a partner's or operator's lien and Sprague contends Fox's estate is entitled to reimbursement from Gallatin's estate for advances, notwithstanding 59-2239.

At the time of Gallatin's death, K.S.A. 59-2239 [Corrick] required all demands against the estate of a decedent be exhibited in probate court within nine months after the date of first published notice to creditors (now six months, as amended by the legislature in L. 1972, ch. 215) except those required to be paid under the provisions of a testator's will. No creditor could have any claim upon property of the estate unless a petition for probate or administration of the estate was filed within one year of decedent's death (now nine months, as amended) and his demand was exhibited within the time and manner prescribed above. Failure to follow the mandate of the statute bars all demands against a decedent's estate. (*Oswald v. Weigel*, 215 Kan. 928, 933, 529 P. 2d 117; *In re Estate of Wood*, 198 Kan. 313, 424 P. 2d 528; *In re Estate of Jordan*, 180 Kan. 581, 306 P. 2d 135; *In re Estate of Brasfield*, 168 Kan. 376, 214 P. 2d 305; *In re Estate of Dumback*, 154 Kan. 501, 119 P. 2d 476.)

The term "demands" is all-inclusive and includes all claims whether legal or equitable, due or to become due, or absolute or contingent from whatever source. (K.S.A. 59-2239; *In re Estate of Grindrod*, 158 Kan. 345, 354, 148 P. 2d 278; *Burns v. Drake*, 157

Kan. 367, 371, 139 P. 2d 386.) The provisions of the nonclaim statute do not apply to partnership estates and do not bar an action for an accounting. (*Burris v. Burris,* 140 Kan. 208, 34 P. 2d 127.) In the case before us we are not passing on the merits of such an action.

Sprague contends the operator's or partner's lien held by Fox was a "lien existing at the date of decedent's death," and Fox was entitled to file a claim against Gallatin's estate, notwithstanding the nonclaim statute (59-2239). The time for filing a claim in probate court is not extended because a creditor had a lien on property in a decedent's estate on the date of decedent's death. The purpose of this phrase of the statute is to permit a lienholder to pursue his remedy in a proper forum against the encumbered property without filing a claim in the probate court. The claim of Fox against Gallatin resulting from the operation of the oil and gas leases was a demand within the meaning of 59-2239, and is barred by the nonclaim provisions thereof. (*In re Estate of Pratt,* 164 Kan. 512, 190 P. 2d 872.) The issue of whether Fox had a lien on Gallatin's share of the proceeds of the sale of the leases is immaterial to our conclusion that the claim is barred.

The judgment is affirmed.