(588 P.2d 960)
No. 50,279

In the Matter of the Estate of James J. Jones

Opinion filed January 12, 1979.

*Martin R. Ufford,* of Boyer, Donaldson & Stewart, of Wichita, for appellant, The Wesley Medical Center.

No brief was filed by appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: The Wesley Medical Center appeals from an order disallowing its claim against an estate. At issue is whether a creditor's petition for the administration of an estate may serve as a petition for the allowance of a demand against the estate.

James J. Jones died intestate on March 24, 1977. On August 12, 1977, the Medical Center filed a creditor's petition for administration of his estate (K.S.A. 59-2219 and 2221). The petition sought the appointment of an administrator, and stated in part:

"[D]ecedent in his lifetime, and at the time of his death was indebted to this petitioner in the amount of Four Thousand Two Hundred Fifty Dollars and Twenty Cents ($4,250.20) and that by reason thereof this petitioner is a creditor of the Estate of James J. Jones, and possesses a lawful claim and demand against the decedent's estate . . . and that it is entitled to file this petition for administration of said estate . . . ."

The notice of hearing on the petition for administration together with the notice to creditors (K.S.A. 59-2236) was first published on August 15, 1977. An administrator was appointed on September 20, 1977. Thereafter, no claimant, including the Medical Center, filed a petition for allowance of a demand (K.S.A. 59-2237).

On May 3, 1978, the trial court denied the Medical Center's claim for failure to file a separate petition for its allowance within the nonclaim period. The court stated that the statutes dealing with allowance of demands should be strictly construed and held that the petition for administration could not serve as a petition for allowance of a demand. This appeal followed.

Pertinent portions of the probate code are as follows:

**K.S.A. 59-2201:** "Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights . . . ."

**K.S.A. 59-2204:** "A probate proceeding may be commenced in the district court by filing a petition and causing it to be set for hearing."

**K.S.A. 59-2237:** "Any person may exhibit his or her demand against the estate of a decedent by filing a petition for its allowance in the proper district court. Such demand shall be deemed duly exhibited from the date of the filing of said petition."

**K.S.A. 59-2239(1):** "All demands . . . against a decedent's estate . . . not exhibited as required by this act within six (6) months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment . . . No creditor shall have any claim against . . . the property of a decedent . . . unless a petition is filed . . . for the administration of the decedent's estate within nine (9) months after the death of the decedent and such creditor shall have exhibited his or her demand in the manner and within the time herein prescribed . . . ."

The Medical Center argues that its petition for administration gave notice of its claim, and points to the edict of K.S.A. 59-2201 that "[n]o defect in form shall impair substantial rights." Thus, it is argued, a separate petition for allowance of a demand should be held unnecessary here.

Despite the numerous cases which have interpreted our probate code since the adoption of its present form in 1939, the precise question here presented has not been determined. We do not view *In re Estate of Dumback,* 154 Kan. 501, 119 P.2d 476 (1941), as supporting the Medical Center's position. In that case the creditor petitioned for administration only seven days before the expiration of the one year period after the decedent's death. The statute at that time provided that claims would be barred unless an administrator "had been appointed" within one year of the decedent's death and the demand exhibited within the time prescribed. The court held in *Dumback* that assuming the petition filed in that case was sufficient both in asking for the appointment of an administrator and for an allowance of the creditor's demand, the claim was nonetheless barred because the administrator could not be appointed, in the due course of procedure, within one year of the decedent's death. This view is gratuitous and appears made solely for the sake of argument.

We believe the answer may be found within the code itself. The administration of an estate is not a single and distinct litigation,

but in its entirety consists of many separate and distinct judicial acts, all having for their purpose the orderly and expeditious administration and distribution of the assets of a decedent's estate pursuant to the various sections of the code. *In re Estate of Osborn,* 167 Kan. 656, 661, 208 P.2d 257 (1949).

In 3 Bartlett's Kansas Probate Law and Practice, § 1170 (rev. ed. 1953), it is stated as follows:

"[E]very application required to be made to the probate court by petition is a separate proceeding. A proceeding for the probate of a will or for the appointment of an administrator is separate from one to sell real estate for the payment of debts . . . . Clearly, a proceeding for the allowance of a demand is separate and distinct from other proceedings in the same estate and is governed by the particular provisions applicable thereto."

We conclude that the appointment of an administrator and the allowance of a demand are separate proceedings. As such, a specific petition for the allowance of a demand must be filed. Support for this conclusion is found in the statutory provisions set out above. "*Every* application in a probate proceeding . . . shall be by petition." (K.S.A. 59-2201, emphasis added.) "A probate proceeding may be commenced . . . by filing a petition . . . ." (K.S.A. 59-2204.) "Any person may exhibit his or her demand against the estate of a decedent by filing a *petition for its allowance* . . . ." (K.S.A. 59-2237, emphasis added.) "No creditor shall have any claim against . . . the property of a decedent . . . unless a petition is filed . . . for . . . administration . . . *and* such creditor shall have exhibited his or her demand *in the manner and within the time herein prescribed* . . . ." (K.S.A. 59-2239, emphasis added.)

Following the language of the statutes, several cases have assumed the need for separate petitions. They were cited in *Gano Farms, Inc. v. Estate of Kleweno,* 2 Kan. App. 2d 506, 510, 582 P.2d 742 (1978), where we recently said:

"That view is reinforced by considering the plight of a creditor whose debtor dies and no administration is begun. It is clear that under K.S.A. 59-2239 such a creditor must take the initiative by securing the appointment of an administrator and presenting his claim—both within the time prescribed by statute—or he will be barred. *See, In re Estate of Dumback,* supra [154 Kan. 501, 119 P.2d 476 (1941)]; *Jardon v. Price,* supra [163 Kan. 294, 181 P.2d 469 (1947)] at Syl. 1; *In re Estate of Jordon,* 180 Kan. 581, 306 P.2d 135 (1957). And *cf., In re Estate of Brasfield,* supra [168 Kan. 376, 214 P.2d 305 (1950)]; *In re Estate of Wright,* 170 Kan. 400, 227 P.2d 131 (1951)."

The language of K.S.A. 59-2201 that "[n]o defect in form shall impair substantial rights" is not contravened by this holding. It has been held under this provision that petitions for the allowance of demands should be liberally construed. *Roberts v. Setty,* 154 Kan. 505, 119 P.2d 539 (1941); *In re Estate of Ray,* 180 Kan. 634, 306 P.2d 190 (1957); *In re Estate of Manweiler,* 185 Kan. 343, 342 P.2d 730 (1959). The difficulty here is that no petition for the allowance of a demand was filed at all. Such a failure is not a mere "defect in form." Although we would not go so far as the trial court and hold that the statutes on presentation of demands are to be strictly construed, the Medical Center's actions do not exhibit substantial compliance.

Nor is it significant that the administrator had knowledge of the Medical Center's claim. The administrator's knowledge does not dispense with the necessity of filing a demand. *Cf. Bristow v. First Trust Co.,* 140 Kan. 711, 38 P.2d 108 (1934).

Affirmed.