(770 P.2d 494)

No. 62,294

In the Matter of the Estate of MINNIE LOUISE PALLISTER, DE-
CEASED. LYLE GLENN PALLISTER AND LELAND CLARENCE PALLIS-
TER, *Appellees*, v. MARY LOUISE SHULL, *Appellant*.

Opinion filed March 17, 1989.

*Thomas A. Adrian*, of Thomas A. Adrian, P.A., of Newton, for the appellant.

*Richard A. Benjes*, of Hutchinson, for the appellees.

Before ABBOTT, C.J., REES and DAVIS, JJ.

ABBOTT, C.J.: Mary Louise Shull appeals the trial court's denial of intestate distribution of the estate of her grandmother, Minnie Louise Pallister.

Minnie Louise Pallister died on May 7, 1985, leaving two sons (Leland and Lyle Pallister) and one granddaughter (Mary Louise Shull) as her sole heirs. Mary Shull is the daughter of Minnie's deceased daughter. In July 1958, Minnie executed a joint will with her husband, Glenn, leaving all property to the surviving spouse. Upon the death of the surviving spouse, all property was to go to Leland and Lyle. Glenn died in 1976, and his will was admitted to probate.

Following Minnie's death in 1985, Leland and Lyle acted as joint owners of their mother's property, conveying certain parcels between themselves but not probating the will. Fourteen months later, apparently prompted by Mary's claim of an intestate share in the estate, Leland and Lyle petitioned the court for

admission of the will to probate. Mary contested the petition and requested a determination of descent.

The trial court denied admission of the will to probate (based on the failure to file in time) but ruled that the will was contractual in nature. The court then ordered the contract enforced and vested title to Minnie's property in Leland and Lyle.

The trial court later determined descent and ruled that the intestate shares of Leland, Lyle, and Mary were each one-third. However, Judge Bennington incorporated his previous ruling that Minnie's will was an enforceable contract that vested title in her two sons. Mary timely appeals.

At the time of Minnie's death, the Kansas nonclaim statute provided:

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within six (6) months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment, except that the provisions of the testator's will requiring the payment of a demand exhibited later shall control. No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of said decedent's death, unless a petition is filed for the probate of the decedent's will or for the administration of the decedent's estate within nine (9) months after the death of the decedent and such creditor shall have exhibited his or her demand in the manner and within the time herein prescribed, except as hereinafter provided." K.S.A. 59-2239(1).

On July 1, 1985, the nonclaim statute was amended to allow only four months (for intestate estates) and six months (for testate estates) in which to make a claim. L. 1985; ch. 191, § 38.

The trial court's ruling, which allowed Lyle and Leland to recover under the will as a contract, forms the basis for Mary's argument that the two men should have filed a claim against the estate. Because they did not, Mary argues that the nonclaim statute bars their recovery. She relies on *Salvation Army v. Estate of Pryor*, 1 Kan. App. 2d 592, 601, 570 P.2d 1380 (1977), which held that " 'where a party seeks to enforce a contractual obligation to devise or bequeath a portion of a decedent's estate, *the proceeding constitutes a demand against the estate* and not a will contest.' " (Emphasis in original.)

However, Lyle and Leland argue that they are relying on the

will and not making a claim against it. They cite *In re Estate of Walton*, 183 Kan. 238, 241-42, 326 P.2d 264 (1958), which held that an assertion of rights under the terms of a will cannot be regarded as a claim against an estate. An earlier case also held that, where the sole issue was the determination of persons entitled to share in the estate, the matter was one of will construction and no claim against the estate was necessary. *In re Estate of Weidman*, 181 Kan. 718, 725, 314 P.2d 327 (1957).

Lyle and Leland's argument is also supported by the definition of the nonclaim statute's requirement of "demand." That definition was first set down in *In re Estate of Welch*, 167 Kan. 97, 105, 204 P.2d 714 (1949), where Justice Parker wrote:

"I am convinced the phrase 'all demands' as used in what is commonly known as the nonclaim statute (G.S. 1947 Supp. 59-2239) has reference only to claims against the estate of a decedent which, if allowed, will reduce the corpus of his estate or the amount of property which would otherwise be subject to division or distribution among the heirs of an intestate decedent or the legatees and devisees of a testate decedent as the case may be.

"The controversy here involved is between contending heirs as to the proportionate share each will receive out of the decedent's estate and is in no sense to be regarded as a claim or demand against the estate under the statute."

This definition was affirmed in *In re Estate of Walton*, 183 Kan. at 242. See also *In re Estate of Jones*, 3 Kan. App. 2d 63, Syl. ¶ 1, 588 P.2d 960 (1979) (where a panel of this court ruled that a petition seeking administration of an estate did not serve as a "demand" for purposes of the nonclaim statute).

While this case does present the issue of the determination of persons entitled to distribution of the estate, the trial court sought to enforce a contract, and the enforcement of a contract against an estate involves a claim. Thus, the trial court erred in enforcing a contract that is barred by the nonclaim statute.

A will is an instrument by which a person makes a disposition of property to take effect after death. Black's Law Dictionary 1433 (5th ed. rev. 1979). A single instrument may be both a will contractual in nature and a contract testamentary in nature. *Reznik v. McKee, Trustee*, 216 Kan. 659, Syl. ¶ 2, 534 P.2d 243 (1975). No will is effective to pass real or personal property without admission to probate. K.S.A. 59-616.

The document involved here is a joint, mutual, and contractual will. As such, it must be admitted to probate to be effective. K.S.A. 59-616. Because Lyle and Leland failed to offer the

document in time, probate of the will was properly denied. K.S.A. 59-617 (Ensley) and K.S.A. 1988 Supp. 59-617. Thus, the will is ineffective. The fact that this will is also a contract does not remove it from the strict requirement of K.S.A. 59-616. Here, the testators did not breach the contractual portion of the will and there is no fraud or wrongdoing involved that can form the basis of a constructive trust. Lyle and Leland simply failed to follow the law and have the will probated. Had the will been timely offered for probate, it would not have been necessary to file a claim. We believe the trial court was confused by prior appellate court decisions holding that, although a will cannot be admitted to probate for whatever reason, the contract in the will can be enforced. But, in those cases, a claim was timely made. Here, no claim to enforce the contract was filed within the statutory time and such claim is now barred. The net result is that any property passing from Minnie to her heirs passes by intestate succession.

We express no opinion as to any property owned by Glenn at the time of his death as we do not have an adequate record to determine how it was distributed (*i.e.*, in fee simple to Minnie or a life estate to her and the remainder to her two sons). In addition, the record contains depositions and deeds not offered at trial. As a result, the trial court specifically noted it was not considering the deposition and attached documents. We do note the attached copies of deeds show that Minnie, during her lifetime, deeded certain property. What effect those deeds have on the title to that real estate is not before us.

Our opinion in this appeal is limited to affirming the trial court's decision that the will was not timely offered and cannot be admitted to probate and reversing that part of the decision holding the contractual portion of the will could be enforced as a contract as to that property properly in Minnie's estate.

Affirmed in part; reversed in part.