(935 P.2d 1090)
No. 76,365

In the Matter of the Estate of MARY F. KINNETT, Deceased.

Opinion filed April 18, 1997.

*Junior F. Elder*, of Topeka, for appellant.

*Brian M. Vazquez*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before BRAZIL, C.J., LEWIS, J., and JOHN ANDERSON III, District Judge, assigned.

BRAZIL, C.J.: Mary F. Kinnett died intestate on March 15, 1995. Warren F. Kinnett and Doris J. Palmberg are her surviving heirs (heirs). Mary's estate consists solely of a $10,000 contract right. During her lifetime, the Kansas Department of Social and Rehabilitation Services (SRS) provided Mary with medical assistance in the amount of $31,106.39. On September 15, 1995, SRS claimed an interest in Mary's estate and filed a creditor's petition for an order refusing to grant letters of administration. The same day, the court set the matter for a hearing.

The court found the petition timely, holding that to commence a probate action, the petition must be filed and be set for a hearing

within 6 months, but the hearing need not take place within that time period. The court also held that no separate petition for allowance of a demand need be filed where a petition for refusal of letters has been filed. The heirs appeal.

### 1. Petition for Allowance of Demand

The heirs contend that the court erred in concluding that no separate petition for allowance of a demand is required. In *In re Estate of Jones*, 3 Kan. App. 2d 63, 65, 588 P.2d 960 (1979), this court held that the appointment of an administrator and the allowance of a demand are separate proceedings which require specific separate petitions.

We conclude that the court correctly reasoned that *Jones* did not apply to a petition for refusal of letters because such a petition is part of an abbreviated procedure intended to address smaller, noncomplex estates. K.S.A. 59-2287 authorizes a district court to refuse to grant letters of administration in certain cases, typically where the estate of the deceased is relatively uncomplicated. K.S.A. 59-2287(a)(2) allows a creditor to petition for refusal of letters by giving a bond at least equal to the value of the estate and by assuming the obligation to pay the debts of the decedent and distribute the balance of the estate to those legally entitled to receive it. In such a situation, where the creditor controls the distribution of the estate, there is no need for a separate petition for allowance of that creditor's demand.

Further, in this case the issue is moot because SRS filed a separate petition for allowance of demand. A case is moot where any judgment of the court would be without effect. See *Allenbrand v. Contractor*, 253 Kan. 315, Syl. ¶ 1, 855 P.2d 926 (1993). K.S.A. 59-2239(1) requires that a petition for allowance of a demand be filed within 4 months after the date of the first published notice to creditors. Notice of SRS's petition was first published on September 20, 1995, and SRS timely filed a petition for allowance of its demand on January 19, 1996.

### 2. Commencement of Action

The heirs contend that SRS did not timely commence this ac-

tion. The heirs rely on *In re Estate of Dumback*, 154 Kan. 501, 119 P.2d 476 (1941), where the relevant statute provided that no creditor shall have a claim against an estate unless an administrator has been appointed within 1 year after the death of the decedent. The creditor filed his petition seeking an administrator only 1 week before the 1-year period expired, and the court found that the timing of the petition prevented the timely appointment of an administrator. The court held the fact that proceedings to appoint an administrator had commenced within the time period was insufficient to satisfy the statute and provide standing to the creditor. 154 Kan. at 503-04.

*Dumback* is clearly distinguishable. Under current law, to timely commence an action a creditor must, within 6 months, file a petition and cause it to be set for hearing. K.S.A. 59-2204; K.S.A. 59-2239; *In re Estate of Reed*, 157 Kan. 602, 612-13, 142 P.2d 824 (1943). The version of K.S.A. 59-2239 interpreted in *Dumback*, which required the judicial act of appointing an administrator, is no longer in effect. See L. 1976, ch. 245, § 5. The heirs' argument that some judicial action is needed to commence an action is based on the outdated law of *Dumback* and lacks merit.

K.S.A. 59-2239 provides that a petition must be filed within 6 months of the death of the decedent. The court found that SRS complied with the time requirement of the statute, and the heirs do not contend that chronologically SRS failed to file its petition within 6 months. After rehearing the matter, the court commented that the method of calculating time was not at issue in the case. Nevertheless, SRS devotes three pages of its appellate brief to time calculation arguments. We need not consider those contentions.

### 3. K.S.A. 59-2239

The heirs argue that the refusal to issue letters procedure does not qualify as an administration under K.S.A. 59-2239. SRS correctly points out that the heirs took the opposite position before the trial court. In response to the trial court's letter, the heirs stated their belief that a petition for the refusal to grant letters was a "substitute for or the equivalent of 'administration' and would be in compliance" with K.S.A. 59-2239. "[A] party may not invite error

and then complain of that error on appeal." *Manley v. Wichita Business College*, 237 Kan. 427, 438, 701 P.2d 893 (1985).

Moreover, the nature of the refusal to grant letters procedure indicates it is a method of administering the estate. See K.S.A. 59-2287. "The basic purpose of 59-2287 is to provide an inexpensive, expeditious method *of administering estates that are shown to be within its scope." In re Estate of Teichgraeber*, 217 Kan. 373, 387, 537 P.2d 174 (1975). K.S.A. 59-2239(1) requires "a petition . . . for the administration of the decedent's estate pursuant to K.S.A. 59-2219," which provides that a petition for administration must state certain information. In this case, the petition for refusal to grant letters includes all the information required by K.S.A. 59-2219 for a valid petition for administration. We conclude that SRS's petition for refusal to grant letters constitutes a petition for administration sufficient to toll the time requirements of K.S.A. 59-2239.

The heirs also ask this court to determine the effect of the last clause of K.S.A. 59-2287(a)(2):

"[R]eal estate sold in accordance with this section shall be deemed to have marketable title as ordered by the court, *and no creditor, heir or other person shall be deemed to have an interest after passage of six months following the date of death.*" (Emphasis added.)

The heirs postulate that if no estate proceedings take place within 6 months, the last portion of this clause might act as a universal bar to all creditors' claims. First, this theory ignores the express language of the statute which by its own terms is limited to marketable title for any real estate sold in accordance with a petition for refusal to grant letters. Second, the heirs did not raise this argument at the trial court level and cannot raise it for the first time on appeal. See *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 356, 887 P.2d 1147 (1995).

### 4. Standing

The heirs contend that a judicial finding is necessary in order to commence an action and achieve standing. Their argument is based on an alleged conflict between *In re Estate of Dumback*, 154 Kan. 501, and *In re Estate of Reed*, 157 Kan. 602. *Dumback* held that

merely filing a petition seeking an administrator was insufficient to satisfy the statute requiring appointment of an administrator within 1 year after the death of the decedent. *Reed*, on the other hand, held that the timely commencement of an action required both the filing of a petition and the setting of a hearing date.

No conflict is apparent between the two cases. Again, the heirs ignore the fact that the version of K.S.A. 59-2239 addressed in *Dumback* is no longer in effect. As previously noted, the legislature removed the requirement of appointment of an administrator and instead required the filing of a petition. The argument that a judicial action or finding is a prerequisite to the valid commencement of an action is based on the obsolete law interpreted in *Dumback*. The heirs' contention is unfounded.

Affirmed.