(196 P.3d 402)
No. 99,245

IN THE MATTER OF THE ESTATE OF MARVEL M. SETH, DECEASED.

Opinion filed November 21, 2008.

*Charles S. Arthur, III*, and *Derrick L. Roberson*, of Arthur-Green, LLP, of Manhattan, for appellants Diane S. Paige, Dinah M. Colvin, and Daryl L. Seth.

*Nina M. Miley*, of Nina Miley Law Firm, of White City, for appellee Laryl E. Seth.

Before GREENE, P.J., HILL, J., and BRAZIL, S.J.

GREENE, J.: This appeal frames for our determination the interpretation and application of K.S.A. 59-618, which specifies circumstances for the belated admission of a will to probate by an innocent beneficiary after it has been knowingly withheld from probate during the 6 months following testator's death. The district court held that Laryl E. Seth, a beneficiary under the will of Marvel M. Seth, deceased, was an innocent beneficiary under the statute and permitted the belated admission of the will to probate. Some of the heirs at law, grandchildren of the testator, contend the statute does not permit such admission where the beneficiary had both knowledge and access to the will within 6 months after death of the testator but the failure of timely admission was caused by inaction of that beneficiary's attorney. We affirm the district court.

### Factual and Procedural Background

Marvel M. Seth executed a valid will on May 13, 1984, leaving her 320-acre family farm to one of her sons, Laryl. At the time of her death on December 4, 2005, Marvel was survived by Laryl, daughter Loyola, and three children of her second son, Lowell, deceased. In February 2006, Laryl and Loyola found the will and took it to an attorney, Kenneth McClintock, instructing him to admit it to probate.

After the initial meeting with McClintock, Laryl tried repeatedly to contact him to ask about the will. On two occasions between April and May 2006, McClintock assured Laryl on the phone and in person that he was "taking care of" the will. The 6-month period

for probate under K.S.A. 59-617 expired in early June 2006. In late June 2006, however, the will had not been admitted to probate, and McClintock admitted he failed to meet the statutory deadline. McClintock possessed no assets or insurance to respond to a judgment, and he ultimately relinquished his law license in connection with disciplinary proceedings that resulted from his inaction on Laryl's behalf.

Laryl promptly retrieved the will from McClintock, took it to a different attorney, and filed a petition to probate the will in late August 2006. The grandchildren filed an answer and defense, challenging the belated admission of the will to probate. After a bench trial, the district court held that Laryl was an innocent beneficiary under K.S.A. 59-618 and entitled to belated admission of the will to probate. Key findings of fact of the district court included:

"Laryl did manage to find McClintock on two occasions during April and May of 2006, once by phone and once in McClintock's office. On both occasions, Laryl asked McClintock, 'What's happening with the will?' McClintock falsely assured Laryl, in both instances that he was taking care of the will.

"Laryl relied on McClintock's statements, to his detriment, and had no reason to regain possession of the will and try to probate it himself.

. . . .

"Laryl Seth did not intentionally withhold the will for probate."

Key conclusions of law included:

"McClintock acted in a grossly negligent manner in his handling of this matter. The question here is whether Laryl Seth should be held responsible for his attorney's failings and as a result have only his attorney to look to for remuneration. If equity should ever govern a situation, this is the case.

. . . .

"Laryl's actions establish that he is an innocent beneficiary and therefore meets that requirement of [K.S.A. 59-] 618.

. . . .

"The failure of McClintock to talk to Laryl or to answer his calls constitutes a legal and equitable reason to invoke the provisions of K.S.A. 59-618. Laryl Seth had knowledge of the will but did not have access to it and therefore could not file the will within 6 months from the date of the death of Marvel."

The grandchildren appeal.

## Standards of Review

Where the district court has made findings of fact and conclusions of law, we review the findings to determine if they are supported by substantial competent evidence and are sufficient to support the conclusions of law. Substantial evidence is such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion. Appellate courts have unlimited review of conclusions of law. *Owen Lumber Co. v. Chartrand,* 283 Kan. 911, 915-16, 157 P.3d 1109 (2007). The construction and application of statutory law are also subject to unlimited review. *Genesis Health Club, Inc. v. City of Wichita,* 285 Kan. 1021, 1031, 181 P.3d 549 (2008).

## Did the District Court Err in Construing and Applying K.S.A. 59-618?

K.S.A. 59-617 provides that no will is effective unless a petition is filed for probate of such will within 6 months of the death of the testator. An exception to this rule is found in K.S.A. 59-618, which provides:

"Any person who has possession of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and knowingly withholds it from the district court having jurisdiction to probate it for more than six months after the death of the testator shall be liable for reasonable attorney fees, costs and all damages sustained by beneficiaries under the will who do not have possession of the will and are without knowledge of it and access to it. Such will may be admitted to probate as to any innocent beneficiary on petition for probate by any such beneficiary, if such petition is filed within 90 days after such beneficiary has knowledge of such will and access to it."

We note that this statute does not provide an express definition of "innocent beneficiary," but it is clear that a will that has been knowingly withheld from probate "may be admitted to probate as to any innocent beneficiary on petition . . . filed within 90 days after [the innocent] beneficiary has knowledge of [the withheld] will and access to it." K.S.A. 59-618. "Innocent beneficiary" under the statute means a beneficiary without fault for the knowing withholding of a will from probate during the 6-month period following

the death of the testator. The district court concluded that K.S.A. 59-618 saved the Marvel Seth will because

"[i]t is clear from the evidence that Laryl did not have both knowledge and access to the will simultaneously, as the statute mandates, until late June, 2006, when McClintock finally told him it was too late to file the will. Laryl then took the will back into his possession and the requirements of the statute, knowledge and access, came together at that instant."

The grandchildren argue on appeal that Laryl first had both knowledge and access to the will within 6 months of Marvel's death when the will was initially found and taken to McClintock in February 2006. Because Marvel's petition was not filed within 90 days thereafter, the grandchildren argue the statute cannot save the belated filing in August 2006. Laryl argues that he was an "innocent beneficiary" and filed his petition within 90 days after retrieval from McClintock, when he regained access to the will.

We do not precisely agree with either party's position as to the interpretation and application of the statute. The first sentence of K.S.A. 59-618 serves to make a person who "knowingly withholds" a will from probate during the 6 months after the testator's death liable for fees, costs, and damages to beneficiaries "who do not have possession of the will and are without knowledge of it and access to it." Here, the person who "knowingly withheld" the will from probate was McClintock, but there has been no claim under this provision for fees, costs, or damages because McClintock had no malpractice insurance or other ability to respond to a judgment.

The second sentence of K.S.A. 59-618 is the savings provision and allows for the belated probate of "such will." This reference must be to a will described by the first sentence, *i.e.*, a will that has been knowingly withheld from probate. Here, the Marvel Seth will was indeed knowingly withheld from probate, thus triggering the potential allowance for a belated filing. Moreover, Laryl was "innocent" inasmuch as he did not knowingly withhold the will from probate; in fact, he sought to probate the will and engaged counsel to effect the filing. The district court specifically found Laryl without fault, finding that he did not withhold the will from probate and had no reason to regain possession of the will prior to the 6-month deadline based upon McClintock's false assurances.

These findings appear to be supported by substantial competent evidence and will not be disturbed on appeal. See *Owen Lumber*, 283 Kan. at 915. Accordingly, Laryl was an innocent beneficiary for purposes of the savings clause of K.S.A. 59-618.

The grandchildren argue, however, that Laryl did not file his petition within 90 days after he had knowledge of and access to the will because he had both such attributes back in February after initially finding the will. This coalescence of knowledge and access, however, occurred before the second sentence had been triggered by McClintock's withholding of the will from probate. In other words, in applying the saving provision of the second sentence, we believe the terms "such will" as employed twice within the savings provision can only mean *a will that has been knowingly withheld from probate*. When Laryl *first* had both knowledge and access to the will, it had not yet been knowingly withheld from probate, and the savings provision had no application. When Laryl gained both knowledge and access to the will *knowingly withheld from probate*, he filed his petition for probate "within 90 days after such beneficiary has knowledge *of such [withheld] will* and access to it" under K.S.A. 59-618. (Emphasis added.)

As we have explained, Laryl indeed had knowledge and possession of the will during the 6-month period under K.S.A. 59-617, but the savings clause under K.S.A. 59-618 is not triggered until a beneficiary innocent of the withholding has knowledge and access to "such will," *i.e.*, a will knowingly withheld from probate. This event cannot occur at periods prior to the knowing withholding; in fact, if there has been no knowing withholding, there would be no need for the savings clause. The knowledge and access referred to in the savings clause can only occur *after* the withholding and with reference to a will knowingly withheld.

Our conclusion is entirely consistent with the ultimate conclusion of the district court, which held:

"It is clear from the evidence that Laryl did not have both knowledge and access to the will simultaneously, as the statute mandates, until late June, 2006, when McClintock finally told him it was too late to file the will. Laryl then took the will back into his possession and the requirements of the statute, knowledge and access, came together at that instant."

Our conclusion is also consistent with public policy in Kansas that favors probating every legally executed will and does not favor suppressing a will or withholding it from probate by narrow and technical applications of the statutes governing probate. See *In re Estate of Harper*, 202 Kan. 150, 158, 446 P.2d 738 (1968).

Affirmed.