NOT DESIGNATED FOR PUBLICATION

No. 114,685

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of LORRAINE A. NESLER, deceased.

MEMORANDUM OPINION

Appeal from Douglas District Court; ROBERT W. FAIRCHILD, judge. Opinion filed September 9, 2016. Affirmed.

*Adam M. Hall*, of Collister & Kampschroeder, of Lawrence, for appellants.

*Geri L. Hartley*, of Nicholson, Dasenbrock & Hartley, LC, of Paola, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*:  In order for an action in probate to be commenced regarding the contents of a will, the will must be filed with the court and the action commenced within 6 months after death of the testator. K.S.A. 59-617. Prior to her death, Lorraine A. Nesler (Lorraine) requested that her will be removed from a safety deposit box and brought to her. After her death, her children were unable to locate the original will but found two copies of it. Two of Lorraine's children filed a petition to probate a copy of the will, but they filed it more than 6 months after Lorraine's death. The district court dismissed the action, finding that it was filed out of time and that the exception to the 6-month statute of limitations contained in K.S.A. 59-618 was inapplicable under the facts presented. We agree and affirm.

1

Lorraine died on March 28, 2014, leaving behind three adult children, Linda Eckard, Ralph Nesler, Jr., and Janice Nesler-Loux. At Lorraine's funeral, Nesler-Loux informed her siblings that she had found two copies of Lorraine's will. After finding the copies of the will and being advised by her attorney that an original was necessary for probate, Nesler-Loux looked for the original will but was unable to find it.

Eckard hired an attorney in early May to communicate with Nesler-Loux about the disposition of the estate. Discussions between Eckard and Nesler-Loux's attorneys regarding the contents of the will, the estate, and whether the will would be probated were ongoing from May through August. Nesler-Loux made clear in her first response to Eckard that she was not in possession of an original will, that the original was last in Lorraine's possession at Lorraine's request, and that a probate action was not imminent given the unavailability of the will.

Eckard responded to the announcement that a probate action was not being filed by advising Nesler-Loux that she believed the copy of the will should be probated. In response, Nesler-Loux again stated her belief that the copy of the will could not be probated and, since it could not be found, the original will was presumed to have been revoked. Nevertheless, on August 4, Eckard and Nesler, Jr., (referred to jointly as Eckard) requested a copy of the will. Eckard received a copy of the will on August 27, 1 month and 1 day before the statute of limitations on probating a will ran. Eckard did not petition to probate the copy of the will until September 30, apparently because Eckard continued to believe that Nesler-Loux was going to initiate a probate action.

Nesler-Loux objected to the petition and asked the district court to dismiss the probate action because it was not timely filed and because Eckard was attempting to

probate a copy of a will that had been presumptively revoked. The district court held a hearing on the motion to dismiss and the petition to probate the will.

After the hearing, the district court determined that the petition was filed out of time, and even if it had not been, Lorraine's will was presumptively revoked by the fact that it had been in her possession prior to her death and could not thereafter be located. The district court dismissed the probate action and Eckard appeals.

THE DISTRICT COURT'S ORDER WAS FINAL AND APPEALABLE

Nesler-Loux begins by questioning this court's jurisdiction to consider this appeal, arguing that the district court's order was not final because "[t]he parties must commence alternative probate filings in the District Court before enforcing, or terminating, the right of any party." In other words, because of the lack of a will, some additional action will be needed to properly dispose of Lorraine's property, for example a determination of descent under K.S.A. 59-2250 or a petition for letters of administration under K.S.A. 59-2219.

The right to appeal is purely statutory. With limited exception, appellate courts only have jurisdiction to consider appeals that are taken in the manner prescribed by statute. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). K.S.A. 2015 Supp. 59-2401(b) authorizes the appeal of "orders in cases involving decedents' estates" from the district court to the court of appeals, "in the manner provided by chapter 60 of the Kansas Statutes Annotated for other civil cases." K.S.A. 2015 Supp. 60-2102(a)(4), in turn, authorizes appeal as a matter of right from all final decisions, except "where direct appeal to the supreme court is required by law."

Final decisions are those that dispose of the entire merits of a controversy so that no further questions remain for the district court to resolve. *Flores Rentals v. Flores*, 283 Kan. 476, 481-82, 153 P.3d 523 (2007). Our Supreme Court has also said that a final

3

decision is an order that definitely resolves the rights and/or liabilities of the parties involved in a given case. 283 Kan. at 482.

While Nesler-Loux is correct that the district court's dismissal of Eckard's petition to probate Lorraine's will did not resolve the rights of Lorraine's heirs to her property, the dismissal did finally resolve the issue of whether the will would be accepted into probate to serve as the guide for the distribution of the estate. See *In re Perkins*, 145 Kan. 611, 612, 66 P.2d 420 (1937) ("An order refusing to admit probate has been held to be a final and appealable order."). Once Eckard's petition to probate the will was dismissed, no further action could have been taken to account for or distribute estate assets until a new action was filed seeking administration of the estate or a determination of decent. See K.S.A. 59-2221; K.S.A. 59-2250; *In re Estate of Jones*, 3 Kan. App. 2d 63, 65, 588 P.2d 960 (1979) ("'[E]very application required to be made to the probate court by petition is a separate proceeding.'"). As a result, the district court's decision was final and appealable.

## The Petition to Probate Lorraine's Will Was Properly Dismissed

Eckard argues that the district court erred when it dismissed her petition to probate Lorraine's will because it was filed out of time. Eckard acknowledges that the petition was filed out of time but argues that the will should nevertheless have been admitted into probate.

On appeal of a district court's decision to admit or deny admission of a will to probate, this court reviews the district court's findings of fact to determine if they are supported by substantial competent evidence; the district court's legal conclusions are reviewed de novo. To the extent that Eckard's arguments require this court to engage in statutory interpretation and application, our review is unlimited. *In re Estate of Seth*, 40 Kan. App. 2d 824, 827, 196 P.3d 402 (2008).

4

A general review of the statutes governing the probating of a will is necessary to fully understand Eckard's claims.

In order for an action in probate to be commenced regarding the contents of a will, the will must be filed with the court and the action commenced within 6 months after death of the testator. K.S.A. 59-617. This functions as a statute of limitations. *In re Estate of Strader*, 301 Kan. 50, Syl. ¶ 4, 339 P.3d 769 (2014). Any person interested in the estate may petition for probate of the will. K.S.A. 59-2221. The will itself must accompany the petition for probate, if it can be located. K.S.A. 59-2220. But a petition may also be filed if the will has been lost or destroyed, as long as the provisions of the will are included in the petition. K.S.A. 59-2220. In this case, Eckard—a person interested in the estate—filed a petition for probate of the will and attached a copy of the will. However, the petition was filed more than 6 months after Lorraine's death, which made it untimely.

Eckard presents two arguments to suggest that the 6-month statute of limitations does not apply to bar her claim. First, she contends that she should receive the benefit of a statutory exception to this 6-month statute of limitations contained at K.S.A. 59-618. Second, she claims that even if the statutory exception does not apply, the doctrine of equitable estoppel should prevent Nesler-Loux's reliance on the statute of limitations. We will address each argument in turn.

*The savings provision of K.S.A. 59-618 does not result in the preservation of Eckard's claim.*

Under K.S.A. 59-618, if a person who has possession of a will knowingly withholds it from the district court for more than 6 months, any beneficiary who does not have knowledge of the will, possession of the will, or access to the will may file a petition to probate the will within 90 days after the beneficiary obtains knowledge of it

5

and access to it. See also *In re Estate of Strader*, 301 Kan. at 56. Eckard claims she is entitled to this 90-day extension, which would make her claim timely. The district court rejected Eckard's argument for two reasons: Nesler-Loux did not withhold a valid will from probate, and Eckard had knowledge of the will and a copy of it in her possession.

*Nesler-Loux did not withhold a valid will from probate.*

The district court found that Lorraine executed a will in 1997 and a codicil in 2000. Neither the original, nor any copies of the codicil, were located after Lorraine's death. A copy of the will was found, but the original, which had been in Lorraine's possession prior to her death, was never located. The will that Eckard attempted to probate was a copy of Lorraine's 1997 will. Based on these facts, the district court concluded that Lorraine's will had been revoked so that the copy of the will that Eckard presented for admission to probate was not a copy of a valid will.

The record from the hearing before the district court supports its findings. Nesler-Loux testified that she had been a cosigner on Lorraine's safety deposit box in which the will, a codicil, and a copy of the will were kept. Prior to Lorraine's death, Nesler-Loux took the will and codicil out of the safety deposit box and delivered them to Lorraine at her request. After Lorraine's death, Nesler-Loux searched for the original documents and was unable to locate them, although she found two copies of the will. Because she did not believe that she had a valid will in her possession, Nesler-Loux did not petition to probate the will.

Nesler-Loux's testimony was undisputed, except that Eckard testified that Nesler-Loux led her to believe that she was going to file a petition to probate the will before the statute of limitations ran. However, correspondence between the attorneys of Nesler-Loux and Eckard indicates that as early as June 3, Nesler-Loux took the position that she

6

did not have a valid will to probate because she had not found an original of the will but that she would initiate a probate action if it was found.

It appears to be well-settled law in Kansas:

"'Where the facts disclose that a will, duly executed, was in the possession of the testator for some time immediately prior to his [or her] death and it cannot be found after his [or her] death, a rebuttable presumption arises that he [or she] did revoke the will or that he [or she] destroyed it with the intention of revoking it. *Churchill v. Dill*, 145 Kan. 306, 308, 65 P.2d 337 (1937). [Citation omitted.]' *In re Estate of Thompson*, 226 Kan. 437, 442, 601 P.2d 1105 (1979)." *In re Estate of Kasper*, 20 Kan. App. 2d 309, 311, 887 P.2d 702 (1994).

This presumption may be rebutted by the party seeking probate of a copy of an otherwise lost will if sufficient competent evidence that the decedent did not intend to revoke his or her will is produced. 20 Kan. App. 2d at 315.

Here, it is undisputed that Lorraine had an original will and codicil in her possession prior to her death. After her death the documents could not be found. Thus, the presumption that Lorraine revoked the will and the codicil applies. There was no testimony at the hearing aimed at rebutting the presumption that Lorraine intended to revoke her 1997 will and 2000 codicil. As a result, the district court was correct to find that the copy of the will attached to Eckard's petition for probate was not a copy of a valid will. Accordingly, she could not have withheld a valid will from probate as contemplated by K.S.A. 59-618.

*Eckard had knowledge of the will and a copy of it in her possession.*

As previously noted, under K.S.A. 59-618, if a person who has possession of a will knowingly withholds it from the district court for more than 6 months, any

7

beneficiary who does not have knowledge of the will, possession of the will, or access to the will may file a petition to probate the will within 90 days after the beneficiary obtains knowledge of it and access to it. But, as the district court noted in its opinion, Nesler-Loux gave Eckard a copy of the will prior to expiration of the 6-month filing deadline. Even if she did not have immediate access to the will, she had knowledge of it and was given a copy of it. Because she is clearly not the "innocent beneficiary" without knowledge, possession, or access as contemplated in K.S.A. 59-618, she cannot rely on it to protect her claim from dismissal.

*Eckard has failed to establish the necessary elements of equitable estoppel.*

Second, Eckard claims that Nesler-Loux induced Eckard not to file her own petition to probate the will, by suggesting that Nesler-Loux would handle it. Accordingly, she asserts that the doctrine of equitable estoppel should be used to bar Nesler-Loux from relying on the defense of the statute of limitations.

Our Supreme Court has found that the doctrine of equitable estoppel may be used to bar a party from asserting a statute of limitations defense. *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 116, 991 P.2d 889 (1999). But in order to successfully pursue such a claim of equitable estoppel Eckard must prove: (1) Nesler-Loux had a duty to advise Eckard whether she was going to file a copy of the will in a timely manner, and Nesler-Loux affirmatively indicated to Eckard that she would; (2) Eckard relied and acted upon such belief; and (3) Eckard would now be prejudiced if Nesler-Loux were allowed to deny the existence of such facts. Those facts cannot be ambiguous or subject to more than one construction. 268 Kan. at 116.

The district court found, and the record supports such finding, that the correspondence between Nesler-Loux and Eckard was ambiguous. Nesler-Loux and Eckard, as beneficiaries under the will, were equally qualified to file a petition to probate

8

the will. Both were in possession of copies. Nesler-Loux had no duty to advise Eckard whether she was going to file a petition to probate the will. Nesler-Loux never specifically indicated she would file a petition to admit a copy of the will in probate. The emails exchanged between the parties, upon which Eckard relies, were ambiguous as to what type of probate action Nesler-Loux intended to file, if any. In addition, the emails suggest—and Eckard does not deny—that the beneficiaries under the will and codicil are the same as would exist under intestate succession, so the prejudice prong of Eckard's equitable estoppel claim is also in doubt. Eckard failed to establish the existence of sufficient facts to support a finding that Nesler-Loux should be equitably estopped from relying on a statute of limitations defense.

In sum, we find the district court did not err in finding that the petition to probate Lorraine's will should be dismissed as untimely.

Affirmed.